**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| ROSENDO CUAZITL,<br><br>         Petitioner,<br>    v.<br><br>FERETI SEMAIA, et al.,<br><br>         Respondents. | No. 5:26-CV-2225-DSR<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**(Doc. No. 1)** |

On April 29, 2026, Rosendo Cuazitl ("Petitioner"), a noncitizen who has been detained in Immigration and Customs Enforcement ("ICE") custody since November 2025, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. When he initiated this action, Petitioner voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. No. 3. The case became fully consented three days later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order 26-05 at Ex. "A" (Doc. No. 5); see also Doc. No. 6.

Petitioner seeks a Writ ordering his immediate release or, alternatively, ordering Respondents to provide him a bond hearing under 8 U.S.C. § 1226(a). See Pet. (Doc. No. 1) at ¶ 97. Upon receipt of the Petition, the Court directed Respondents to show cause why the writ of habeas corpus should not be granted in an Answer to be filed within seven days of that Order. See Doc. No. 5 at 1:23-24;

2:4-6.  In their Answer, Respondents state that they "are not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time."  See Answer (Doc. No. 8) at 2.  As such, the verified facts set forth in the Petition, the legal arguments, and the relief requested are all uncontested.  For the reasons set forth below, the Court **GRANTS** the habeas petition, but only to the extent of ordering the requested bond hearing.

**1.    BACKGROUND**

Petitioner is a noncitizen who entered the United States around June 2001.  See Pet. at ¶ 19.  Since then, Petitioner has lived in the United States continuously for over two decades.  Id. at ¶ 20.  There is no allegation in the Petition that he was ever granted any form of conditional release by immigration authorities; rather, it appears that he entered without inspection, was not apprehended, and was able to start and maintain a life in the United States.

On November 16, 2025, however, Petitioner was taken into immigration custody in Diamond Bar, California near his workplace.  Id. at ¶ 22.  He was placed into removal proceedings under § 240 of the Immigration and Nationality Act ("INA") and transferred to the Adelanto ICE Processing Center, where he is currently detained.  Id.

On January 21, 2026, Petitioner had a custody hearing before an Immigration Judge.  Id. at ¶ 25.  The Immigration Judge did not make any determination of whether Petitioner posed any risk of flight or danger to the community.  Id.  Instead, based on the Government's legal position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), the Immigration Judge determined that he or she did not have jurisdiction to consider the question of bond release.  Id. at ¶¶ 3, 25, 48, 53, 65.

**2.    DISCUSSION**

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA"), the Due Process Clause of the Fifth Amendment, and the

2

Administrative Procedure Act ("APA").  See generally Pet. at pp. 23-26.  As noted above, in response to the Court's order to show cause why the Writ should not issue, Respondents stated they have no opposition, at least as to providing Petitioner with a bond hearing.  See Answer at 2.  The Court construes this as a concession.  See, e.g., GN Resound A/S v. Callpod, Inc., No. C 11-04673 SBA, 2013 WL 1190651, at *5 (N.D. Cal. 2013) (construing a party's failure to oppose an issue as a concession to the opposing party's argument); Pamela S. v. Bisignano, No. 1:24-CV-03112-MKD, 2025 WL 2399145, at *4 (E.D. Wash. 2025) ("If a party fails to counter an argument that the opposing party makes, the Court may treat that argument as conceded.").

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004).

**A.**    **Petitioner is Entitled to Writ Relief Compelling a Bond Hearing Under 8 U.S.C. § 1226**

Although Petitioner underwent a custody hearing on January 21, 2026, the Immigration Judge denied bond for lack of jurisdiction and did not evaluate whether Petitioner presented a danger to the community or a risk of flight.  See Pet. at ¶ 53.  Rather, the Immigration Judge determined that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b), and not eligible for bond consideration under 8 U.S.C. § 1226(a).  Id. at ¶ 48.  Therefore, Petitioner did not receive a substantive bond hearing under Section 1226.

The Immigration Judge's finding that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b) was contrary to applicable law.  In Bautista v.

3

Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), the District Court certified under Federal Rule of Civil Procedure 23 a "Bond Eligible Class," defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the [DHS] makes an initial custody determination.

Bautista, 813 F. Supp. 3d at 1127 (footnote added).

The Bautista court entered final judgment as to the Bond Eligible Class on December 18, 2025. Bautista v. Noem, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3678485, *1 (C.D. Cal. Dec. 18, 2025). "Ultimately, the final judgment entered in [Bautista] declared that class members 'are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)' and instead are 'entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge' pursuant to 8 U.S.C. § 1226(a)." Uriate v. Mullin, No. 5:26-cv-1474-MCS-K, 2026 WL 925724, *2 (C.D. Cal. Apr. 2, 2026) (citing Bautista, 2025 WL 3678485 at *1).

On February 18, 2026, the Bautista Court issued a post-judgment order vacating the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). Bautista v. Santacruz, __ F. Supp. 3d __, 2026 WL 468284, *1-14 (C.D. Cal. 2026). "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal" and "also administratively stayed the February 18, 2026 Order" vacating Matter of Yajure Hurtado. Castro v. Johnson, No. 5:26-cv-1592-PVC, 2026 WL 1104766, *3 (C.D. Cal. Apr. 17, 2026)

4

(citing Bautista v. Dep't of Homeland Sec. ("Bautista I"), Ninth Circuit case no. 26-1044, Doc. 5).  Thereafter, on March 31, 2026,

> the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the Bautista court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as the they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating [Matter of Yajure Hurtado] is stayed pending appeal.

Vivas v. Santacruz, No. 5:26-cv-1926-JFW-KES, 2026 WL 1122208, *1 (C.D. Cal. Apr. 20, 2026) (citing Bautista I, at Doc. No. 17); Mendoza-Rodriguez v. Mullin, No. 5:26-cv-1730-AS, 2026 WL 1104774, *2 n.4 (C.D. Cal. Apr. 17, 2026).

Thus, "the Bautista court's December 18, 2025 judgment remains in place as to the Central District of California." Vivas, 2026 WL 1122208 at *1; Mendoza-Rodriguez, 2026 WL 1104774 at *2 n.4; Castro, 2026 WL 1104766 at *3.  As such, the December 18, 2025 declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree." 28 U.S.C. § 2201; Castro, 2026 WL 1104766 at *3; Procopio v. Mullin, No. 5:26-cv-1793-SP, 2026 WL 1045658, *3 (C.D. Cal. April 13, 2026); Herrera v. Lyons, No. 5:26-cv-0971-FLA-AJR, 2026 WL 859172, *3 (C.D. Cal. March 16, 2026), report and recommendation accepted by, 2026 WL 854125 (C.D. Cal. 2026); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("[T]he point of a declaratory judgment 'is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.'" (citation omitted)); Badger Catholic, Inc. v. Walsh, 620 F.3d 775, 782 (7th Cir. 2010) (A "declaratory judgment is a real judgment, not just a bit of friendly advice").  Respondents "are legally obligated to comply with the court's order." Procopio, 2026 WL 1045658 at *3; Castro, 2026 WL 1104766 at *3; Herrera, 2026

WL 859172 at *3; see also Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly."); United Aeronautical Corp. v. United States Air Force, 80 F.4th 1017, 1031 (9th Cir. 2023) ("But in suits against government officials and departments, we generally assume that they will comply with declaratory judgments.").

Based on the undisputed facts in the Petition, Petitioner appears to be a member of the Bond Eligible Class certified in Bautista.  He is a noncitizen in the United States without lawful status who (1) entered without inspection, (2) was not apprehended upon arrival, and (3) there is no indication in the record that he is subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231.  Pursuant to the Bautista Judgment (which, because Petitioner is detained in the Central District of California, is not stayed as applied to him), Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b), as the Immigration Judge found, and instead is entitled to consideration for release on bond pursuant to 8 U.S.C. § 1226(a).  Respondents rightly concede that relief.

**B.      The Government Bears the Burden at the Bond Hearing**

Because the Court finds that Petitioner is entitled to an individualized bond hearing pursuant to Section 1226(a), it is necessary to discuss briefly what is required at that bond hearing to avoid any subsequent confusion in that proceeding, especially about who bears the burden there.  Petitioner asks the Court to order that at the bond hearing "the Government bears the burden of proving, by clear and convincing evidence, that continued detention is necessary to prevent flight or protect the community and that no less restrictive conditions of supervision would reasonably satisfy the Government's legitimate interests."  Pet. at ¶ 97(b).  His authority for placing such a burden on the Government is Singh v. Holder, 638 F.3d 1196, 1203-05 (9th Cir. 2011).  Id. at ¶ 63.  For their part, "Respondents are not presenting an opposition argument with respect to providing

Petitioner a bond hearing,"[1] including on the question of the applicable burden at such hearing.

There are differing opinions presently on this question of who bears the burden at an initial bond hearing under Section 1226(a).  Some judges in this District have held, as Petitioner requests, that the Government bears the burden. See, e.g., De la Sancha-Ramirez v. Mullin, No. 5:26-CV-01896-PD, 2026 WL 1209476 (C.D. Cal. Apr. 29, 2026); Munoz v. Johnson, No. 2:26-CV-02171-SSS-MAA, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026).  Others, however, have held that the Immigration Court may constitutionally place the burden on the noncitizen in Section 1226(a) bond proceedings.  See, e.g., Wang v. Semaia, No. EDCV 26-01028-MWF (JDE), 2026 WL 1047907, at *2 (C.D. Cal. Apr. 14, 2026) (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1210–12 (9th Cir. 2022)).

By offering no opposition, Respondents have effectively defaulted on their opportunity to be heard on the issue of the burden at the bond hearing.  The Court therefore orders that at the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, whether Petitioner poses a flight risk or danger to the public if released on bond.

### C.    The Record Does Not Support Immediate Release

Petitioner seeks more than an individualized bond hearing under Section 1226(a), however; he seeks an order compelling his immediate release.  See Pet. at ¶ 97(a); Traverse (Doc. No. 9) at ¶ 5.  Unlike the cases Petitioner cites as examples where courts have granted immediate release, however, Petitioner has not been deprived of any previously-granted conditional release which gave rise to a constitutionally protected interest that could be revoked only with due process of law.  Compare Venega-Maltez v. Semaia, No. 5:26-cv-0525-JAK (AGRx), 2026 WL

---

[1]    Though Respondents state in their Answer they are not presenting an opposition "at this time," there is no other time in this case for them to present an opposition.

7

846035 (C.D. Cal. March 24, 2026) (revocation of humanitarian parole); <u>Rubio v. Semaia</u>, No. 5:26-cv-1409-MRA-JDE at Doc. No. 1 (revocation of student visa); <u>Saeed Tarki v. Semaia</u>, No. EDCV 26-1077 JGB (RAOx), 2026 WL 712944 (C.D. Cal. Mar. 11, 2026) (revocation of Order of Supervision).  Here, the only deprivation shown on this record is of the statutory right to a bond hearing under 8 U.S.C. § 1226.  The appropriate remedy for such deprivation is to order Respondents to provide Petitioner the bond hearing that he is entitled to but presently is being unlawfully deprived of – not to order his immediate release – unless Respondents fail to provide him such a hearing after not opposing such relief and being directed to do so via this Order.

**3.    CONCLUSION**

On the uncontroverted facts and the applicable law, and in light of Respondents' non-opposition (<u>see</u> C.D. Cal. L.R. 7-12), the Court finds that it is appropriate to **GRANT** the Petition for Writ of Habeas Corpus.

IT IS ORDERED THAT within seven days of the date of this Order, Respondents must provide Petitioner an individualized bond hearing, pursuant to 8 U.S.C. § 1226(a) before an Immigration Judge.  At such bond hearing, Respondents must provide Petitioner with a meaningful opportunity to be heard before a neutral arbiter, and the opportunity to be represented by counsel and to present evidence.  The Government shall bear the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public.

IT IS FURTHER ORDERED that Respondents shall release Petitioner from custody <u>if</u> Petitioner is not timely provided with the aforementioned hearing.

IT IS FURTHER ORDERED that the parties shall file a Joint Status Report within ten (10) days of the date of this Order detailing if and when the hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for denial.

The Court will issue Judgment consistent with this Order.  Any fee petition must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C.

§ 2412, and this Court's Local Rules.  The Court retains jurisdiction to adjudicate any collateral enforcement issues.

**IT IS SO ORDERED.**

DATED: May 12, 2026                   _____
                                      HON. DANIEL S. ROBERTS
                                      UNITED STATES MAGISTRATE JUDGE

9